**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Erica J.,

Plaintiff,

v.

Social Security SSI,

Defendant.

Case No. 26-CV-04188 (ECW)[1]

**REPORT AND RECOMMENDATION**

Plaintiff Erica J. has filed a complaint against "Social Security SSI," alleging that the defendant has engaged in "false imprisonment." (Dkt. 1 at 2-3.) Erica J. did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (*See* Dkt. 2 ("IFP application").) The IFP application demonstrates that Erica J. qualifies financially for IFP status. (*See id.*) That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To determine whether a complaint states a claim on which relief may be granted, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Geivett v. AMC Mgmt., LLC*, 158 F.4th

[1] No Article III judge has yet been assigned to this matter, consistent with this District's practices in social security appeals. The Clerk of Court is directed to assign an Article III judge to this matter for purposes of review of this Report and Recommendation.

900, 903 (8th Cir. 2025). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. When evaluating the sufficiency of the complaint, the Court may disregard legal conclusions that are presented as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Complaints from pro se plaintiffs are construed generously, but they still must allege enough facts to support the plaintiff's legal claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint is unclear regarding what, specifically, Erica J. is alleging. The few factual allegations in the Complaint seem to suggest that Erica J. is frustrated by difficulty she has faced while starting the process to potentially receive social security disability benefits: making medical appointments, contacting the Social Security Administration, receiving appropriate medication, and so on. (*See* Dkt. 1 at 4.) Erica J. alleges that this situation amounts to "false imprisonment" (*id.* at 2), which is a claim under state tort law. Under Minnesota law, however, a claim of false imprisonment requires that the plaintiff show "actual confinement," *Blaz v. Molin Concrete Prods. Co.*, 244 N.W.2d 277, 279 (Minn. 1976), which Erica J. has not plausibly alleged against the defendant, "Social Security SSI," which the Court understands to mean the Social Security Administration. (Dkt. 1 at 2.) Additionally, a state-law tort claim, such as false imprisonment, can only be brought against the federal government, including the Social Security Administration, through a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), but claims of false imprisonment are excluded under the FTCA

unless those claims are presented in relation "to acts or omissions of investigative or law enforcement officers," *id.* § 2680(h), which Erica J. does not allege in her Complaint.

To the extent that Erica J. is attempting to seek "review on the record of a final decision of the Commissioner of Social Security that presents only an individual claim," it is not strictly necessary that her Complaint "include a short and plain statement of the grounds for relief." Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), Rules 1(a), 2(b)(2). But if Erica J. were seeking review of a final decision of the Commissioner of Social Security, it would be necessary both that she "state that the action is brought under § 405(g)" and that she "identify the final decision to be reviewed," neither of which is true of the Complaint now before the Court. *Id.* 2(b)(1)(A)-(B). In fact, the few allegations raised in the Complaint strongly suggest that Erica J. is closer to the beginning of the process for seeking social security disability benefits than the point in that process in which there is a final decision of the Commissioner of Social Security to be reviewed by a federal district court. A litigant cannot seek review of a denial of social security benefits until there is a final decision of the Commissioner to review. *See* 42 U.S.C. § 405(g).

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to section 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Erica J. [Dkt. 2] be **DENIED**.

Dated: October 5, 2026

s/ *Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).